IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2072-FL

| | | |
|---|---|---|
| WENDELL M. TURNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NORTH CAROLINA ATTORNEY GENERAL, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a former state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court for an initial review pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts. Also before the court are petitioner's pleading captioned "Motion for Deficiency and Affidavit" (DE 7), motion for termination (DE 8), and motion for a writ of mandamus (DE 10).

## BACKGROUND

In March 1994, petitioner was convicted in the North Carolina State court of first degree rape and three counts of sexual assault, for which he received a 12 year sentence. (Pet. ¶¶ 2, 3.) Petitioner then served his sentence and completed his probation term. See ((DE 5), p. 2.); www.doc.state.nc.us. As a result of his 1994 convictions, petitioner is subject to North Carolina's sex offender registration requirements. See N.C. Gen. Stat. § 14-208.7.

At some point petitioner filed a *pro se* petition for termination of sex offender registration in the Johnston County Superior Court, which was denied. ((DE 7), p. 6.) On July 6, 2011,

petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals requesting a hearing on the motion for termination of his sex offender registration requirements which he filed in the superior court. ((DE 8) Attach., p. 2.) The court of appeals dismissed petitioner's certiorari petition without prejudice on July 15, 2011. (Id.) On March 12, 2012, petitioner filed a second *pro se* petition for a writ of certiorari in the court of appeals requesting that "the lower state court remove [the] restraint." (Id.) The court of appeals dismissed petitioner's petition on March 27, 2012. (Id.)

On April 20, 2015, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the Johnston County Superior Superior Court's denial of his petition for termination of his sex offender registration requirements. In support, petitioner asserts that he meets the requirements for termination of his sex offender registration requirements and the superior court's denial of his petition seeking such termination constitutes unlawful restraint.

## DISCUSSION

The court begins with petitioner's pleading captioned "Motion for Deficiency and Affidavit" and motion for termination. These pleadings are not a model of clarity, and the court construes them as motions to amend his § 2254 petition pursuant to Federal Rule of Civil Procedure 15(a). The court GRANTS petitioner's motions. See Fed. R. Civ. P. 15(a).

The court now turns to its initial review of petitioner's § 2254 petition. Title 28 U.S.C. § 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States." This is a jurisdictional prerequisite to judicial review. See Wilson v. Flaherty, 689 F.3d 332, 336 (4th Cir.

2012). Sex offender registration does not meet the requirements of custody for purposes of federal habeas relief. Id. at p. 337. Instead, the sex offender registration requirements are "collateral consequences of [petitioner's] conviction that are independently imposed on him because of his status as a convicted sex offender and not as part of his sentence." Id. p. 333; see also, Clair v. Maynard, 812 F. Supp.2d 685, 688 (D. Md. 2011) ("The sex offender registration requirement is merely a collateral consequence of conviction, and does not constitute the type of severe, immediate restraint on physical liberty necessary to render a petitioner 'in custody' for the purpose of federal habeas corpus review.") (internal quotation omitted), appeal dismissed, 476 F. App'x 543 (4th Cir. 2012). Because petitioner is unable to satisfy § 2254's in custody requirement, the court lacks subject matter jurisdiction over petitioner's § 2254 petition.[1]

The court now turns to petitioner's petition for a writ of mandamus in which he seeks a court order directing the superior court to terminate his sex offender registration requirement. A federal district court has no general power to compel action by state officials or to enforce state laws. See Gurley v. Superior Court o Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969); In re Austin, 8 F. App'x 253, 254 (4th Cir. 2001); Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); see also, Younger v. Harris, 401 U.S. 37, 44 (1971) (holding that absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989). Nor do federal courts have jurisdiction to review state court orders. In re Austin, 8 F. App'x at 254 (citing District of Columbia

---

[1] The court notes that the requirements of North Carolina's sex offender registration statute do not place petitioner "in custody" for the purposes of habeas corpus regardless of whether petitioner seeks relief pursuant to 28 U.S.C. §2254 or § 2241. See Wilson, 689 F.3d 337–38 (citations omitted); see also, Singleton v. Eagleton, No. 2:12-cv-02339-GRA, 2013 WL 4436409, at *6 (D.S.C. Aug. 15, 2013) ("Petitioner's argument that the requirements imposed upon him by sex offender registration satisfy the custody requirement is unavailing in light of *Wilson*.")

3

Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983)). Based upon the foregoing, petitioner's mandamus action seeking relief for his state court conviction is DISMISSED without prejudice for lack of jurisdiction.

The court next determines whether petitioner is entitled to a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds

4

first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the court rules as follows:

(1)     Petitioner's pleading captioned "Motion for Deficiency and Affidavit" (DE 7) and motion for termination (DE 8), which the court construed as motions to amend his petition are GRANTED;

(2)     Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED without prejudice;

(3)     Petitioner's petition for a writ of mandamus (DE 10) is DISMISSED without prejudice;

(4)     The court also DENIES a certificate of appealability;

(5)     The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 15th day of October, 2015.

LOUISE W. FLANAGAN
United States District Judge